UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

CYMEYON HILL,

    Plaintiff,

  v.

PT ABIE, et al.,

    Defendants.

Case No. 24-cv-02545-YGR (PR)

**ORDER OF PARTIAL DISMISSAL AND SERVICE**

## I. INTRODUCTION

Plaintiff, a civil detainee currently being held in custody at Napa State Hospital ("NSH"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Venue is proper because the events giving rise to the claim is alleged to have occurred in NSH, which is located in this judicial district. *See* 28 U.S.C. § 1391(b). Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate order.

Plaintiff has named as Defendants two members of the medical staff at NSH: "PT Abie" and Jennie Clay. Dkt. 1 at 2.[1] Plaintiff seeks injunctive relief and monetary damages. *Id.* at 3.

## II. DISCUSSION

### A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se*

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

1  pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th
2  Cir. 1988).
3      To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:
4  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that
5  the alleged violation was committed by a person acting under the color of state law. *West v.*
6  *Atkins,* 487 U.S. 42, 48 (1988).

### B. Legal Claims

Plaintiff, who was civilly committed in 1997 following a plea of not guilty by reason of insanity, alleges the following took place on April 14, 2024. Dkt. 1 at 3. He claims that while he was in "Facility F8," defendant Abie told plaintiff that "he would be punished for filing lawsuits and complaints against the medical staff." *Id.* Defendant Abie also told plaintiff that defendant Clay "told her to punish plaintiff every time he filed a lawsuit." *Id.*

To state a claim for First Amendment retaliation against a government official, a plaintiff must demonstrate that (1) he engaged in constitutionally protected activity; (2) as a result, he was subjected to adverse action by the defendant that would chill a person of ordinary firmness from continuing to engage in the protected activity; and (3) there was a substantial causal relationship between the constitutionally protected activity and the adverse action. *Mulligan v. Nichols*, 835 F.3d 983, 988 (9th Cir. 2016). Plaintiff has stated a cognizable First Amendment retaliation claim against defendants Abie and Clay.

To the extent that plaintiff's complaint states a claim against defendants Abie and Clay of verbal harassment and threats, such a claim is DISMISSED. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (Allegations of verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983.); *see also Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1.     Plaintiff has stated a cognizable First Amendment retaliation claim against

2

defendants Abie and Clay.

2. Plaintiff's claim against defendants Abie and Clay of verbal harassment and threats is DISMISSED.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), and a copy of this Order to the following defendants: **"PT Abie" and Jennie Clay at Napa State Hospital, ATTN: Litigation Coordinator, 2100 Napa Vallejo Hwy, Napa, CA 94558.** The Clerk also shall mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, defendants will be required to bear the cost of such service unless good cause be shown for the failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants personally have been served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. No later than **sixty (60) days** from the date their answer is due, defendants

3

1  shall file a motion for summary judgment or other dispositive motion. The motion must be
2  supported by adequate factual documentation, must conform in all respects to Federal Rule of
3  Civil Procedure 56, and must include as exhibits all records and incident reports stemming from
4  the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice
5  so that plaintiff will have fair, timely and adequate notice of what is required of him in order to
6  oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out
7  in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss
8  for failure to exhaust available administrative remedies must be accompanied by a similar notice.
9  However, the Court notes that under the new law of the circuit, in the rare event that a failure to
10 exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule
11 12(b)(6) as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion.
12 *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (overruling *Wyatt v. Terhune*, 315 F.3d 1108,
13 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under
14 the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), should be raised by a defendant as an
15 unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is not clear on the face of the
16 complaint, defendants must produce evidence proving failure to exhaust in a motion for summary
17 judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff
18 shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if
19 material facts are disputed, summary judgment should be denied and the district judge rather than
20 a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

21      If defendants are of the opinion that this case cannot be resolved by summary judgment,
22 defendants shall so inform the Court prior to the date the summary judgment motion is due. All
23 papers filed with the Court shall be promptly served on plaintiff.

24          b.      Plaintiff's opposition to the dispositive motion shall be filed with the Court
25 and served on defendants no later than **twenty-eight (28) days** after the date on which defendants'
26 motion is filed.

27

---

28  [2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

4

1          c.         Plaintiff is advised that a motion for summary judgment under Rule 56 of
2  the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you
3  must do in order to oppose a motion for summary judgment.  Generally, summary judgment must
4  be granted when there is no genuine issue of material fact—that is, if there is no real dispute about
5  any fact that would affect the result of your case, the party who asked for summary judgment is
6  entitled to judgment as a matter of law, which will end your case.  When a party you are suing
7  makes a motion for summary judgment that is properly supported by declarations (or other sworn
8  testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
9  specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
10 as provided in Rule 56(c), that contradicts the facts shown in the defendant's declarations and
11 documents and show that there is a genuine issue of material fact for trial.  If you do not submit
12 your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
13 If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
14 F.3d at 962-63.

15        Plaintiff also is advised that—in the rare event that defendants argue that the failure to
16 exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
17 administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
18 prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
19 exhaust your available administrative remedies before coming to federal court.  Such evidence
20 may include: (1) declarations, which are statements signed under penalty of perjury by you or
21 others who have personal knowledge of relevant matters; (2) authenticated documents—
22 documents accompanied by a declaration showing where they came from and why they are
23 authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
24 in your complaint insofar as they were made under penalty of perjury and they show that you have
25 personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
26 dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
27 motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed
28 issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

1  (The notices above do not excuse defendants' obligation to serve similar notices again
2  concurrently with motions to dismiss for failure to exhaust available administrative remedies and
3  motions for summary judgment. *Woods*, 684 F.3d at 935.)

4  　　　d.　Defendants shall file a reply brief no later than **fourteen (14) days** after the
5  date plaintiff's opposition is filed.

6  　　　e.　The motion shall be deemed submitted as of the date the reply brief is due.
7  No hearing will be held on the motion unless the Court so orders at a later date.

8  　6.　Discovery may be taken in this action in accordance with the Federal Rules of Civil
9  Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose
10 plaintiff and any other necessary witnesses confined in prison.

11 　7.　All communications by plaintiff with the Court must be served on defendants or
12 defendants' counsel, once counsel has been designated, by mailing a true copy of the document to
13 them.

14 　8.　It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court
15 informed of any change of address and must comply with the Court's orders in a timely fashion.
16 Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes
17 while an action is pending must promptly file a notice of change of address specifying the new
18 address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
19 directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
20 (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
21 *se* party indicating a current address. *See* L.R. 3-11(b).

22 　9.　Upon a showing of good cause, requests for a reasonable extension of time will be
23 granted provided they are filed on or before the deadline they seek to extend.

24 　IT IS SO ORDERED.
25 Dated: October 9, 2024

26 　　　　　　　　　　　　　_____
27 　　　　　　　　　　　　　JUDGE YVONNE GONZALEZ ROGERS
　　　　　　　　　　　　　　United States District Judge
28